AGNEW, Respondent, vs. SUN INSURANCE OFFICE and another, Appellants.

*May 2—May 21, 1918.*

*Fire insurance: Policies construed: "Additions" to building.*

1. The words "additions thereto," when used in a fire insurance policy with reference to a building, ordinarily refer to some structure physically attached to or connected with the building itself.

2. Where several detached farm buildings were covered by two policies, each building "and additions thereto" being insured separately for a specific amount, a wagon shed with chicken coop attached which was located twenty-four feet from the nearest of the buildings specified in one policy and fifty-eight feet from the nearest building specified in the other, and was not in any way attached to or connected with any other building, was not an addition to any of the insured buildings within the meaning of the policies.

APPEAL from an order of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Reversed.*

The appeal is from an order overruling a general demurrer to the complaint. The action is to recover on two fire insurance policies covering certain farm buildings owned by plaintiff. It appears by the complaint and map attached that there were five frame structures in the group of farm buildings on the plaintiff's farm, viz.: a dwelling house, a horse barn, a cow barn, a hay barn, and a wagon shed with chicken coop attached, the same being used for hitching and feeding of horses and the housing of buggies, wagons, and farm machinery. The several buildings mentioned were detached each from the other. The wagon shed and chicken coop was twenty-four feet distant from the house and fifty-eight feet distant from the cattle barn and was not in any way attached to or connected with any other building. This building was burned and the action is to recover for its loss. It is not specifically named in either policy. In the *Sun* policy of

$3,500 the sum of $2,200 is placed on the frame dwelling "and additions thereto," $500 on the frame horse barn "and additions thereto," $500 on the frame cow barn "and additions thereto," and $300 on the frame hay barn "and additions thereto." In the other policy of $1,000 the sum of $500 is placed on the frame cow barn "and additions thereto." The trial court held that the wagon shed, though not physically connected with any other building, was included within the words "additions thereto" and hence covered by the policies.

For the appellants there was a brief by *Lines, Spooner & Quarles* of Milwaukee, and oral argument by *Charles B. Quarles.*

For the respondent there was a brief by *Charles T. Hickox* of Milwaukee, of counsel, and oral argument by *Andrew D. Agnew in pro. per.*

WINSLOW, C. J. Undoubtedly the words "additions thereto," when used with reference to a building, ordinarily refer to some structure physically attached to or connected with the building itself. We think the word "additions" was so used in the policies before us, with the idea of covering future enlargements. This seems to follow as a natural result from the fact that in the policies before us the various buildings insured are separately named and a specific sum placed on each building and the "additions thereto." Was the building destroyed an addition to some particular building, and if so to which building? The impossibility of picking out any particular building to which it was an addition, combined with the fact that the additions named in the policies are all additions to particular buildings, add strength to the view that the word was used in its usual and ordinary sense in the policies and hence that the building destroyed was not covered. Upon this question the citation of authorities would be of little value. Doubtless the word "additions" sometimes

is used to cover structures not physically connected with the principal building, and when that intent appears it will be so construed, but we are convinced that it was not used with that intent here.

*By the Court.*—Order reversed, and action remanded with directions to sustain the demurrer to the complaint.